J-S51010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFRED KULAH | |
| Appellant | No. 2110 EDA 2014 |

Appeal from the Judgment of Sentence June 20, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008353-2012

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 30, 2015**

Appellant, Alfred Kulah, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his jury trial conviction for statutory sexual assault.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.[2] At approximately 11:00 p.m. on Friday, September 28, 2012, the victim was

---

[1] 18 Pa.C.S.A. § 3122.1(b).

[2] The facts are derived from the transcripts of Appellant's jury trial. Appellant was tried with two codefendants, whose cases are separately on appeal with this Court, but only one set of transcripts was produced.  The transcripts were included in the certified record for the case of codefendant Eddie A. Johnson (No. 2190 EDA 2014), but the Delaware County Clerk's Office indicated the transcripts are for use in all three appeals of Appellant and his two codefendants.

---

*Retired Senior Judge assigned to the Superior Court.

walking home in West Philadelphia. The victim was fifteen years old at the time. At one point, a car pulled up in front of her. The victim claims thirty-five year old Appellant and codefendant Eddie Johnson emerged from the vehicle and physically forced her into the car. Codefendant Mortimah Kesselly was the driver. Appellant and codefendants took the victim to their apartment in Upper Darby, where all three men took turns having sex with her. The victim said that Appellant and codefendants had sex with her again on the following day, September 29, 2012. The victim claimed all of the sexual activity with Appellant and codefendants was against her will. On the morning of September 30, 2012, Mr. Kesselly was watching television in the same room as the victim. Mr. Kesselly then left the room. The victim said it was the first time Appellant and codefendants left her alone since they had abducted her. The victim claims she waited approximately five minutes before she ran out of the apartment and called her father, who ultimately found the victim and brought her to a hospital.

The Commonwealth charged Appellant in its amended information with rape, statutory sexual assault, kidnapping, and conspiracy. Following trial, a jury convicted Appellant of one count of statutory sexual assault and acquitted him of all other charges. On April 14, 2014, Appellant filed a post-trial motion for judgment of acquittal, which the court denied on May 16, 2014. On June 20, 2014, the court sentenced Appellant to a term of incarceration of one (1) year less one (1) day to two (2) years less one (1)

day, followed by seven (7) years of probation. Appellant filed a timely post-sentence motion on June 25, 2014, which the court denied on July 10, 2014. Appellant filed a timely notice of appeal on July 18, 2014. On July 24, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). The court subsequently granted Appellant's request for an extension of time to file a Rule 1925(b) statement, setting the deadline at September 1, 2014. Appellant filed his Rule 1925(b) statement on September 2, 2014.[3]

Appellant raises the following issues for our review:

> DID THE COURT ABUSE ITS DISCRETION BY NOT GIVING THE JURY A CHARGE OF MISTAKE AS TO AGE AFTER EVIDENCE WAS INTRODUCED AT TRIAL THAT THE VICTIM APPEARED OVER FIFTEEN?

> DID THE COURT ABUSE ITS DISCRETION BY NOT…PERMITTING [APPELLANT'S] ATTORNEY TO ARGUE ABOUT MISTAKE IN AGE IN HER CLOSING ARGUMENT AFTER EVIDENCE WAS INTRODUCED AT TRIAL THAT THE VICTIM APPEARED OVER FIFTEEN[?]

(Appellant's Brief at 5).

In his issues combined, Appellant argues two witnesses, who saw the victim on the weekend in question, testified to their belief that the victim

---

[3] Although Appellant filed his Rule 1925(b) statement one day after the court's new deadline, that deadline fell on Labor Day, a court holiday. Thus, Appellant's statement was timely filed. Moreover, Appellant raised both issues on appeal as a single issue in his Rule 1925(b) statement. When the trial court wrote its Rule 1925(a) opinion, it had an adequate opportunity to address each issue. Therefore, our review is unimpeded.

was at least eighteen or twenty years old. Appellant also avers a photograph of the victim was admitted into evidence, which was taken close in time to the incident. Appellant asserts this evidence justified a jury instruction on the "mistake of age" defense. Appellant contends the court violated his constitutional privilege against self-incrimination when it refused to charge the jury on mistake of age unless Appellant testified. Appellant likewise claims the court should have permitted defense counsel to argue during summation that Appellant reasonably believed the victim was over fifteen years old, regardless of Appellant's decision not to testify. Appellant concludes he is entitled to a new trial. We disagree.

"[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Baker*, 24 A.3d 1006, 1022 (Pa.Super. 2011) (quoting *Commonwealth v. Galvin*, 603 Pa. 625, 651, 985 A.2d 783, 798-99 (2009)). "The trial court has broad discretion in formulating jury instructions, as long as the law is presented to the jury in a clear, adequate, and accurate manner." *Commonwealth v. Lukowich*, 875 A.2d 1169, 1174 (Pa.Super. 2005), *appeal denied*, 584 Pa. 706, 885 A.2d 41 (2005).

> The law is well settled that a trial court is not obligated to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is requested and the evidence presented at trial. However, a defendant is entitled to an instruction on any recognized

defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor.

*Commonwealth v. Bohonyi*, 900 A.2d 877, 883 (Pa.Super. 2006), *appeal denied*, 591 Pa. 679, 917 A.2d 312 (2007) (citation omitted) (holding trial counsel was not ineffective for failing to request "mistake of age" charge where defendant failed to present any evidence in support of mistake of age defense upon which jury could have found in his favor).

Both prosecutors and defense counsel "must have reasonable latitude in presenting a case to the jury and must be free to present [their] arguments with logical force and vigor." *Commonwealth v. D'Amato*, 514 Pa. 471, 489, 526 A.2d 300, 309 (1987). "Counsels' remarks to the jury may contain fair deductions and legitimate inferences from the evidence presented…." *Id.*

Section 3102 of the Crimes Code sets forth the mistake of age defense as follows:

### § 3102. Mistake as to age

Except as otherwise provided, whenever in this chapter the criminality of conduct depends on a child being below the age of 14 years, it is no defense that the defendant did not know the age of the child or reasonably believed the child to be the age of 14 years or older. When criminality depends on the child's being below a critical age older than 14 years, it is a defense for the defendant to prove by a preponderance of the evidence that he or she reasonably believed the child to be above the critical age.

18 Pa.C.S.A. § 3102.

Instantly, Appellant cites the following evidence to support a mistake-of-age defense. Appellant's cousin, Jayren Kutuakoi, testified that he was living with Appellant and codefendants at the Upper Darby apartment during the weekend in question. Mr. Kutuakoi stated he saw the victim in the apartment and she appeared to be between twenty and twenty-five years old. Another defense witness, Sekou Mamoud, testified that Mr. Kesselly drove the victim to Mr. Mamoud's apartment on September 29, 2012, to use the shower because Appellant and codefendants' apartment had no hot water. Mr. Mamoud stated that the victim appeared to be at least eighteen years old. Additionally, a photograph of the victim was admitted in evidence. The victim confirmed the photograph showed what she looked like around the time of the incident. Notably, however, Appellant failed to present any evidence of his personal belief as to the victim's age. Appellant also points to no evidence introduced by codefendants or the Commonwealth concerning his personal belief. Section 3102 required Appellant to prove by a preponderance of the evidence that **he**, not somebody else, reasonably believed the victim was above the threshold age. ***See id.*** Appellant's evidence—a photograph of the victim and other people's subjective impressions of the victim's appearance—would be relevant to a reasonableness determination but was insufficient to warrant a mistake-of-age instruction, absent any evidence of Appellant's own belief regarding the victim's age. Evidence of Appellant's actual subjective belief was completely

lacking.[4]

Appellant did not have to testify as to his subjective belief to raise a mistake-of-age defense, but he did need to produce some evidence of that belief. The court acknowledged near the end of trial that the evidence of Appellant's personal belief could have come from other sources:

> [I]f you do not get on the stand and testify to what you personally believed, and it has to…be you reasonably believe[d] that the alleged victim in this case was over 16 years of age. Unless you do that,… I will not read the [mistake of age] instruction. I will not read this. This is what I would ordinarily read if you got on the stand and said—and testified to the fact that…when I met [the victim], and I'm going to follow up on this, through conversations I had with her and other surrounding circumstances around—I reasonably believed that she was

_____

[4] Appellant cites to **Commonwealth v. A.W.C.**, 951 A.2d 1174 (Pa.Super. 2008), and **Commonwealth v. Gallagher**, 874 A.2d 49 (Pa.Super. 2005), which are distinguishable because the defendant in each of those cases presented evidence of his personal belief as to the victim's age. Appellant also analogizes the defense of mistake of age to self-defense, which similarly concerns an actor's "reasonable belief," to argue that evidence of a defendant's reasonable belief may come from a source other than the defendant's own testimony. Appellant is correct on that limited point but fails to recognize that in the context of self-defense, our Supreme Court has explicitly stated "reasonable belief" has two components: (1) the actor's subjective belief; and (2) the objective reasonableness of that belief. Evidence of both is required. **See Commonwealth v. Mouzon**, 617 Pa. 527, 551, 53 A.3d 738, 752 (2012) (stating: "The requirement of a reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant 'must have acted out of an honest, bona fide belief that he was in imminent danger,' which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis"). Thus, Appellant's case law undermines his own argument.

over 16 years of age. **There are other ways to do it, and I'm not saying this exists. There could have been a showing you of a phony ID card. It's not in evidence. There's nothing in evidence here and it's never been talked about or other ways that you could have reasonably believed but we don't have that** and…the [c]ourt is ruling that unless we [have] it from you, evidence of that nature, you will not get the following charge that has previously been requested of this [court] to give this jury….

(N.T. Trial, 4/2/14, at 202-03) (emphasis added). Absent evidence from any source that Appellant personally believed the victim was at least sixteen years old, the court properly denied Appellant's request for a mistake of age jury instruction. *See* 18 Pa.C.S.A. § 3102; ***Bohonyi, supra***. For the same reason, the court's refusal to allow Appellant's counsel to argue mistake of age during closing argument was not an abuse of discretion. ***See D'Amato, supra***. Based on the foregoing, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015