J-S67011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE NICOLL LUNDSKOW, | |
| Appellant | No. 883 MDA 2015 |

Appeal from the PCRA Order May 11, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001880-2013

BEFORE:  BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:          **FILED DECEMBER 08, 2015**

George Nicoll Lundskow appeals from the order entered May 11, 2015, denying his first counseled PCRA petition.  We affirm.

Appellant entered a negotiated guilty plea to the charges of unlawful contact with a minor, criminal use of a communication facility, and solicitation to commit involuntary deviate sexual intercourse ("IDSI").  The charges stemmed from Appellant soliciting an undercover agent of the Pennsylvania Office of Attorney General, posing as a fourteen-year-old girl, for oral sex.  Appellant also used a web camera on his computer to send an image of his genitalia to the person whom he believed was the minor child.  At the time of the criminal conduct, Appellant lived in Maryland and did not leave that state.  The court sentenced Appellant on December 3, 2013, to an

---

\* Retired Senior Judge assigned to the Superior Court.

aggregate sentence of three and one-half to seven years incarceration to be followed by five years of probation. Appellant did not file a direct appeal; however, on November 21, 2014, Appellant filed a timely *pro se* PCRA petition. The court appointed PCRA counsel, who filed an amended petition asserting that plea counsel was ineffective and caused him to enter a plea when he was actually innocent and that the entry of his plea was unknowing. The PCRA court initially filed a notice of dismissal and opinion in support thereof on February 19, 2015. However, after Appellant filed a brief in support of his claims, the court elected to conduct an evidentiary hearing. That hearing occurred on April 22, 2015.

At the evidentiary hearing, plea counsel testified that he explained the legal concept of intent, though not the specific criminal definition of the term, and provided Appellant with the standard jury instruction for solicitation. Plea counsel maintained that he informed Appellant that if he chose to proceed to trial, counsel's primary argument would be that Appellant lacked intent.

In addition, plea counsel stated that while he did not use the legal term "renunciation" to explain it as a possible defense, he did inform Appellant that the jury would be instructed to consider whether or not Appellant intended to follow through with his discussions of having a minor perform oral sex on him. Plea counsel set forth that he felt like he covered the concept of renunciation in his discussions with Appellant and explained

that he advised Appellant of the elements of the crimes charged, the potential range of sentences that could be imposed, and the fact that a sentencing court may impose sentences consecutively or concurrently.

Following the conclusion of the hearing, the PCRA court denied Appellant's petition on May 11, 2015. This timely appeal ensued. The PCRA court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the PCRA court authored its opinion. The matter is now ready for this Court's consideration. Appellant presents three issues for our review.

1. Whether the guilty plea of the Defendant was unlawfully induced when plea counsel, Brian Platt, Esq., failed to explain the elements of solicitation to commit involuntary deviate sexual intercourse.

2. Whether the guilty plea of the Defendant was unlawfully induced when plea counsel, Brian Platt, Esq. failed to explain the availability of potential defenses, specifically the defense of renunciation.

3. Whether the guilty plea of the Defendant was unlawfully induced when plea counsel, Brian Platt, Esq., failed to understand and explain to the Defendant whether there was a factual basis to the plea.

Appellant's brief at 4.

In reviewing a PCRA appeal, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In performing this review, we consider the evidence of record and the factual findings of the

PCRA court. *Id*. We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." *Id.* Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. *Id*. Where the issue presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Id.*

Each of Appellant's positions relate to the effectiveness of plea counsel. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. ***Id***.

A claim has arguable merit where the factual predicate is accurate and "could establish cause for relief." *Id*. at 707. A determination as to whether the facts asserted present a claim of arguable merit is a legal one. ***Id***. In considering whether counsel acted reasonably, we do not use a hindsight analysis; rather, an attorney's decision is considered reasonable if it effectuated his client's interests. *Id*. Only where "no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success[,]" will counsel's

strategy be considered unreasonable. *Id*. Finally, actual prejudice exists if "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id*. It is presumed that counsel renders effective representation.

Appellant's initial claim is that plea counsel failed to provide adequate information to Appellant to ensure that his plea was knowingly, voluntarily, and intelligently entered. He asserts that counsel did not adequately explain the intent element of solicitation. In addition, he posits that, assuming plea counsel provided him with the jury instruction for solicitation, counsel still was not effective. Appellant alleges that the standard jury instruction for solicitation, standing alone, does not adequately define the intent element of the crime. He maintains that the words he used in the internet chat room were "nothing more than cyber fantasy." Appellant's brief at 15.

The Commonwealth counters that Appellant's written guilty plea colloquy, which he completed with the assistance of plea counsel, refutes his claim that he entered an involuntary plea. It highlights that the colloquy was consistent with Pa.R.Crim.P. 590, which delineates the inquiries a court must inquire into in deciding whether to accept a guilty plea. The Commonwealth adds that the PCRA court credited plea counsel's testimony that he explained the elements of solicitation to Appellant and reviewed with him in laymen's terms the concept of intent. It continues that plea counsel provided Appellant with the pertinent jury instruction for solicitation and that

Appellant understood what the Commonwealth would have to prove. In this latter respect, the Commonwealth notes that Appellant was a newspaper editor with a college degree and that the PCRA court did not credit Appellant's self-serving testimony that he did not grasp the legal concept of intent. Moreover, Appellant admitted sending the chat messages that resulted in his plea and that the messages "established Lundskow intended to engage in sex acts with someone he believed was a 14-year old girl." Commonwealth's brief at 18.

Where a petitioner alleges that guilty plea counsel was ineffective, he must demonstrate that absent counsel's incorrect advice or failure to advise, there is a reasonable probability he would have not have pled guilty and would have proceeded to trial, **Commonwealth v. Barndt**, 74 A.3d 185 (Pa.Super. 2013), or, not relevant here, accepted a plea offer. In examining whether such prejudice exists in the context of a guilty plea, we look to whether the plea is knowing, intelligent, and voluntary. **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010) ("Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea."); **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa.Super. 2008). In determining whether a plea was knowing, intelligent, and voluntary, we consider the totality of the circumstances. **Commonwealth v. Allen**, 732 A.2d 582, 587 (Pa. 1999); **id**. at 589.

Hence, we consider any written and oral plea colloquies. *See Bedell*, *supra* at 1212-1213. A court or attorney, during a plea colloquy, generally inquires into the following areas:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*. at 1212; Pa.R.Crim.P. 590.

A defendant is bound by statements he makes under oath and ordinarily cannot challenge his plea by claiming that he lied under oath. *Commonwealth v. Pollard*, 832 A.2d 517 (Pa.Super. 2003). Here, the guilty plea colloquy establishes that Appellant was properly informed of the requisite information. Further, the PCRA court credited PCRA counsel's testimony that he advised Appellant regarding the intent element of solicitation and provided Appellant with the applicable jury instruction for that crime. Although Appellant contends that counsel's advice was deficient because he did not use the legal terms "conscious object" in defining intent,

an attorney may adequately convey the applicable elements of a crime using non-legal terminology. Appellant is entitled to no relief.

Appellant's second claim is that counsel was ineffective in neglecting to explain the defense of renunciation. The legislature defines the defense of renunciation for purposes of solicitation as follows, "It is a defense that the actor, after soliciting another person to commit a crime, persuaded him not to do so or otherwise prevented the commission of the crime, under circumstances manifesting a complete and voluntary renunciation of his criminal intent." 18 Pa.C.S. § 902(b).[1] Appellant argues that because he never left Maryland or arranged to meet with the person he believed was a fourteen-year-old female, he otherwise prevented the IDSI from occurring. In further support, he relies on *Commonwealth v. Prince*, 719 A.3d 1086 (Pa.Super. 1998).

In *Prince*, a jury found the defendant guilty of sexual assault and unlawful restraint after he forced his former wife to have sexual intercourse with him. Fearing the defendant because he was intoxicated and became violent under such circumstances, and also not wanting to contract a venereal disease, the victim acquiesced to Prince having intercourse with her

---

[1] We acknowledge that the definition of renunciation is tautological as it includes the term itself in its own definition. Black's Law Dictionary defines the term, relevant to criminal law, as "[c]omplete and voluntary abandonment of criminal purpose—sometimes coupled with an attempt to thwart the activity's success—before a crime is committed."

after she retrieved a condom.   During direct appeal, Prince alleged that counsel was ineffective in failing to request a jury instruction relative to consent.   Since the case pre-dated **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), the panel addressed the claim.   It, however, did not find actual prejudice but remanded for an evidentiary hearing.   In doing so, the **Prince** majority asserted that lack of consent was an element of the crime because the Commonwealth had to prove an absence of consent beyond a reasonable doubt.   Appellant argues that a lack of renunciation is an element of solicitation and that plea counsel's failure to explain that concept resulted in a failure to discuss each element of the crime charged.

Affirmative defenses, such as renunciation, while needing to be proved beyond a reasonable doubt under Pennsylvania law, are only triggered if the defendant brings forward some evidence of the defense.   **See e.g. Commonwealth v. Mouzon**, 53 A.3d 738, 740 (Pa. 2012) (discussing self-defense and stating, "Although the defendant has no burden to prove self-defense, . . . . before the defense is properly in issue, 'there must be some evidence, from whatever source, to justify such a finding.' Once the question is properly raised, 'the burden is upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not acting in self-defense.'").   Since Appellant was entering a guilty plea, renunciation would only be a factor if there was evidence that he did renounce his intent to have a person he believed to be a fourteen-year-old girl perform oral sex.   Contrary to

- 9 -

Appellant's claim, failure to leave the state of Maryland alone does not constitute abandonment of an intent to commit IDSI. Rather, it simply means he had not taken a substantial step toward completing the crime. Furthermore, plea counsel also submitted that he did not see any evidence that Appellant actually renounced his intent to commit IDSI. In this respect, after a time lapse between conversations, Appellant would renew asking about sexual activity with the person whom he believed to be a fourteen-year-old girl. Since we find that Appellant's mere failure to make travel arrangements does not constitute a renunciation where he continually sought oral sex in his communications, plea counsel cannot be ineffective.

In his final claim, Appellant avers that plea counsel unlawfully induced his plea by neglecting to explain the factual basis for his plea. Appellant alleges that the facts in this matter are insufficient as a matter of law to constitute solicitation to commit IDSI. He points to three cases where this Court found sufficient evidence to support findings of guilt relative to solicitation to commit IDSI and the defendants therein traveled to meet the person they believed was a minor: *Commonwealth v. Bohonyi*, 900 A.2d 877 (Pa.Super. 2005); *Commonwealth v. Jacob*, 867 A.2d 614 (Pa.Super. 2005); and *Commonwealth v. John*, 854 A.2d 591 (Pa.Super. 2004).

In *Bohonyi*, a twenty-year-old college student engaged in online communications with an individual he believed was a thirteen-year-old girl who used the online moniker of Stacie13. He, however, was actually

communicating with an undercover police officer. Bohonyi repeatedly inquired whether Stacie13 would be willing to engage in oral and vaginal sex with him. In addition, Bohonyi informed the person he believed to be thirteen years of age that he had previously had oral and vaginal intercourse with girls between thirteen and fifteen.

The **Bohonyi** Court reasoned, "the record amply supports the jury's verdict that Appellant encouraged and/or requested Stacie13 to engage in the criminal act of involuntary deviate sexual intercourse." **Id**. at 882. It continued that, "[t]aken in their entirety, [Bohonyi's] communications with Stacie13 could reasonably have been found by the jury to have constituted encouragement to commit IDSI." **Id**. The **Bohonyi** panel then added, "the evidence supports the finding that the encouragement to commit IDSI involved Appellant's meeting Stacie13 on a specific date and at a specific time, i.e., on August 12, 2002, at 2:00 p.m., in the parking lot of a designated convenience store in Media, Pennsylvania." **Id**. It is in this last sentence that Appellant takes refuge. In his view, this final factor is necessary to show solicitation to commit IDSI. However, a reading of the previous portions of the **Bohonyi** decision makes clear that the court determined that sufficient evidence existed even absent the travel arrangements. Accordingly, the **Bohonyi** case decision does not support Appellant's position.

Similarly, **Jacob** does not support Appellant's contention that the facts admitted to did not rise to solicitation to commit IDSI. There, the defendant was charged with attempt to commit IDSI, which requires a substantial step towards commission of the crime. In **Jacob**, an undercover detective poses as a twelve-year-old girl, using the screen name Caitybear90. Jacob first asked if Caitybear90 would like to cuddle and kiss, and followed up in another conversation by inquiring if her breasts were developed. He then told her that he could teach her to have sex, including how to perform oral sex on a male, and described cunnilingus, stating he could teach that to her as well. Thereafter, in a cell phone conversation with the person whom he believed was Caitybear90, Jacob arranged to meet and asked if he could teach her how to perform oral sex on a man when they met. When Jacob arrived at the meeting place, he was arrested. This Court held that these facts demonstrated an attempt to commit IDSI, relying in part on the fact that the defendant had driven to meet with a person he thought was a twelve-year-old female.

Since **Jacob** involved a separate crime, the fact that Appellant did not leave Maryland to meet the individual he believed was an underage girl is of no moment in analyzing the facts for purposes of solicitation. **Jacob** is simply unhelpful to Appellant. Concomitantly, this Court's decision in **John**, **supra**, offers no support for his position. In **John**, the defendant, while in Delaware and Maryland engaged in online communications with a person he

- 12 -

believed to be a thirteen-year-old Pennsylvania girl. That individual was in actuality an agent employed by the Pennsylvania Office of Attorney General working with the Delaware County, Pennsylvania, District Attorney's Office. John emailed the person he thought was an underage female indicating that he wanted to have oral and vaginal sex. He sent pornographic images and prodded her to masturbate before they met. John then arranged to meet and traveled to Media, Pennsylvania where he asked an undercover agent posing as the girl if she was the person he was meeting. After the two began to walk to his vehicle, police arrested him. The Commonwealth charged him with, among other criminal counts, solicitation to commit IDSI.

After examining the jurisdictional issue regarding John's emails being sent from outside of Pennsylvania and determining that John could be prosecuted within Pennsylvania, the *John* Court determined that his behavior demonstrated that he was a public danger and was not entitled to discharge under 18 Pa.C.S. § 905(b). In doing so, the *John* panel recited the facts of the case, including that he had traveled to meet the person he believed was an underage girl. *John* does not stand for or hold that a person must travel to meet the individual he engages in illicit online communications to establish solicitation. Solicitation to commit IDSI requires a person, "with the intent of promoting or facilitating its commission" to either command, encourage or request another person to

engage in specific conduct "which crime or which would establish his complicity in its commission or attempted commission." 18 Pa.C.S. § 902.

The facts of this matter show that Appellant encouraged and requested a person he believed to be a fourteen-year-old girl to have oral sex. His intent to facilitate that crime could be inferred from his repeated messages. The facts admitted by Appellant support a plea to solicitation to commit IDSI.[2] Hence, counsel cannot be ineffective for instructing Appellant that the facts as alleged met the crime to which Appellant pled guilty.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2015

---

[2] We note that Appellant has failed to ensure that his guilty plea transcript is part of the certified record. Hence, his issue fails for this additional reason.