J-A12006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK I. ONESKO, | |
| Appellant | No. 494 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 1, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005351-2017

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 03, 2019**

Appellant, Patrick I. Onesko, appeals from the judgment of sentence of an aggregate term of incarceration of 1 year (less one day) to 2 years (less two days), followed by 5 years' probation, imposed after a jury convicted him of criminal solicitation to commit involuntary deviate sexual intercourse (hereinafter, "solicitation"),[1]  unlawful contact with a minor (hereinafter, "unlawful contact"),[2] and two counts of corruption of minors.[3]  On appeal, Appellant challenges the sufficiency of the evidence to sustain his convictions for solicitation and unlawful contact.  After careful review, we affirm.

The trial court summarized the facts of this case, as follows:

---

[1] 18 Pa.C.S. § 902(a); 18 Pa.C.S. § 3123(a).
[2] 18 Pa.C.S. § 6318(a)(1).
[3] 18 Pa.C.S. § 6301(a)(1)(ii).

During the months of January and February 2017, Appellant, … who was 27 years of age at the time, contacted A.G., and T.S. (collectively, the "victims"), ages 14 and 15, through a social media platform known as Snapchat. A.G. and T.S. are friends who were aware Appellant was contacting both of them at the same time. Appellant went by the username "[alaina]bp5" and claimed to be a 15 year-old female from Bethel Park High School. During his conversations with the victims, Appellant later claimed to be two different teenage boys from the victims' school, South Fayette High School. Appellant would frequently initiate conversations with the victims, despite the victims['] repeatedly referring to Appellant as a "pedophile[,]" … indicating that they suspected Appellant was not being truthful[, and] repeatedly requesting a photograph of Appellant. Later, Appellant admitted to his true identity, a 2[7] year-old former assistant football coach at South Fayette High School, identifying himself as "Coach O" and subsequently sending a photograph of himself. Appellant requested the victims not go to the police[,] and [he] also requested A.G. to text him outside of Snapchat to confirm his (Appellant's) identity. Throughout his conversations with the victims, Appellant requested that A.G. describe his genitals, asking A.G. what his penis "was like" and further asking if he (Appellant) could guess the size of it. Additionally, Appellant propositioned T.S. with oral sex, writing to the minor[,] "I will suck your cock." Appellant also told T.S. that he had a photograph of T.S.'s older brother's genitals. Once the conversations became sexually explicit, the victims alerted their parents who then notified the police.

Trial Court Opinion (TCO), 8/2/18, at 2-3.

Based on this evidence, a jury convicted Appellant of the above-stated offenses. On June 5, 2018, the court sentenced him to the aggregate term of incarceration and probation set forth *supra*. Appellant filed a timely post-sentence motion seeking, *inter alia*, judgment of acquittal for his solicitation and unlawful contact convictions, which the court denied on March 8, 2018. Appellant then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal. The trial court filed a Rule 1925(a) opinion on August 2, 2018. Herein, Appellant presents three issues for our review:

> 1. To convict [Appellant] of [s]olicitation…, the Commonwealth was required to establish that [he] "commanded," "encouraged," or "requested" T.S. to engage in specific conduct, namely, oral sex. It failed to do so. Was the evidence insufficient to support [Appellant's] [s]olicitation conviction?
>
> 2. To convict [Appellant] of [s]olicitation…, the Commonwealth was also required to establish that [Appellant] acted with the "intent of promoting or facilitating" the crime of [involuntary deviate sexual intercourse (IDSI)]. It failed to do so. Was the evidence insufficient to support [Appellant's] [s]olicitation conviction for this reason?
>
> 3. To convict [Appellant] of [u]nlawful contact…, the Commonwealth was also required to establish that [he] contacted T.S. for the purpose of engaging in "unlawful sexual contact including criminal solicitation for the crime of" IDSI. It failed to do so. Was the evidence likewise insufficient to support [Appellant's] [u]nlawful contact conviction?

Appellant's Brief at 3.

Appellant's issues challenge the sufficiency of the evidence to support his convictions for solicitation and unlawful contact.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

- 3 -

First, we address Appellant's sufficiency arguments regarding his solicitation conviction. That offense is defined as follows:

> **(a) Definition of solicitation.--**A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S. § 902(a).

Appellant first avers that the Commonwealth failed to prove that he commanded, encouraged, or requested that the victim, T.S., engage in conduct constituting IDSI. Specifically at issue is Appellant's statement, "I will suck your cock[,]" which Appellant made to the victim, T.S., during a conversation on a social media website. According to Appellant, this statement did not command, or order, T.S. to do anything. Appellant also insists that his statement does not meet the common definition of "encourage," as it did not "persuade" or "urge" T.S. to engage in any act, nor was it a "request" because his statement to T.S. was not a question. **See** Appellant's Brief at 16-17. Relying on the admitted transcription of his conversation with T.S.,[4] Appellant contends that the Commonwealth's evidence was "largely devoid of context" for the statement and, from what

_____

[4] The transcribed conversation is not contained in the certified record, but the Commonwealth concedes that the exhibits attached to Appellant's reproduced record are authentic copies of the transcripts that were introduced at trial. **See** Commonwealth's Brief at 14 n.8; Appellant's Reproduced Record at 419-21 (Exhibit 6).

- 4 -

context was apparent, it was obvious that T.S. interpreted the remark as a joke. Appellant also stresses that it was clear that T.S. "wasn't interested in any relationship" with Appellant and, thus, Appellant had to have been "aware that any efforts to initiate sexual contact with T.S. would be fruitless." *Id.* at 18. Consequently, he maintains that the Commonwealth failed to prove the *actus reus* element of the offense of solicitation.

Appellant's argument is unconvincing. Initially, neither T.S.'s interpretation of Appellant's statement, nor the likelihood that T.S. was going to actually participate in a sex act with Appellant, are elements required to establish the offense of solicitation under section 902(a). Additionally, those factors do not demonstrate that Appellant did not command, encourage, or request that T.S. engage in IDSI. Although phrased as a statement, the jury could reasonably infer that Appellant's remark, "I will suck your cock," was intended to encourage and/or request that T.S. engage in oral sex with him. This interpretation stems not only from the words used by Appellant, but also from the fact that Appellant — a 27-year-old man — repeatedly communicated with A.G. and T.S. — 14 and 15-year-old children, respectively — over the course of several weeks; he initially told the victims that he was a 15-year-old girl from a neighboring school before admitting that he was "Coach O"; he asked A.G. to describe his genitals; he told T.S. he had a photograph of the genitals of T.S.'s older brother, who had played football while Appellant coached the team; and Appellant declared he was "just being honest" when T.S. questioned if he was joking after stating he would perform oral sex on

T.S. Contrary to Appellant's argument on appeal, these circumstances, considered together, provided context for his statement, "I will suck your cock," and made it reasonable for the jury to conclude that, by making the statement, Appellant was encouraging and/or requesting that T.S. engage in oral sex with him.

We also find that Appellant's reliance on *Commonwealth v. Bohonyi*, 900 A.2d 877 (Pa. Super. 2006), is misplaced. There, we affirmed Bohonyi's conviction for solicitation to commit IDSI where he "persistently described for [the victim] both the mechanics of and the sensual gratification to be derived from their anticipated mutual genital stimulation[,]" and Bohonyi had met with the victim on a specific date and at a specific time. *Id.* at 882. This evidence, we concluded, was sufficient to prove that Bohonyi had encouraged the victim to engage in IDSI.

According to Appellant, the evidence offered in *Bohonyi* is "materially different than that offered against [him,]" as he "never described oral sex in his communications with T.S.[,]" he "[n]ever asked T.S. to meet him in person[,]" and he "[n]ever tried to meet T.S. in person." Appellant's Brief at 22. He maintains that here, the "level of evidence" did not rise to that presented in *Bohonyi* and, therefore, the Commonwealth failed to establish that he committed solicitation. In response, the Commonwealth contends that Appellant is essentially

> suggest[ing] that the facts in *Bohonyi* set forth *necessary* elements to sustain a conviction for solicitation - [IDSI]. That assertion is false. Just because the appellant in *Bohonyi*

described in detail the sexual acts of oral sex that he wished to engage in, asked the victim if she'd be willing to perform oral sex and arranged to meet the victim at a specific date and time does not mean that these facts are always required for such a conviction. Rather, the Court in **Bohonyi** found those facts sufficient to sustain a conviction for solicitation - [IDSI].

Commonwealth's Brief at 15 (emphasis in original).

We agree with the Commonwealth. Despite the factual differences between this case and **Bohonyi**, the evidence was sufficient to sustain Appellant's solicitation conviction. As discussed above, viewing the totality of the circumstances in the light most favorable to the Commonwealth, with the primary focus being on Appellant's statement, "I will suck your cock," we find that it was reasonable for the jury to conclude that Appellant encouraged and/or requested that T.S. allow Appellant to perform oral sex on him. Therefore, the Commonwealth established the *actus reus* element of solicitation.

Likewise, we conclude that the evidence was sufficient to prove the *mens rea* element of that offense; specifically, that Appellant intended to promote or facilitate the crime of IDSI with T.S. Again, Appellant claims that the Commonwealth failed to establish the context of his statement to T.S. and, thus, there was a "dearth of evidence corroborative of an intent to actually consummate the crime of IDSI." Appellant's Brief at 23. Appellant further insists that while it was "possible that [he] ultimately intended to try and persuade T.S. to engage in oral sex, … it's equally possible on this evidence that [Appellant], while obviously engaging in inappropriate behavior, wasn't

to the point where he was committed to ever meeting T.S. in person." *Id.* at 23-24.

In rejecting this argument, the trial court focused on the fact that, when T.S. questioned whether Appellant was joking about performing oral sex on T.S., Appellant responded, "No[,] just being honest[.]" TCO at 5. According to the court,

> Appellant's intent is clear by his own words; Appellant's statement ("No[,] just being honest") is evidence of his intent to facilitate and commit the act. Furthermore, the facts establish that Appellant was aware he was speaking with a minor child[,] as Appellant himself initially pretended to be a 15-year-old girl as a ruse to engage the boys to speak with him. Moreover, Appellant continuously sent messages and contacted the two minors over the course of two months[,] further showing his intent to facilitate or promote the illicit conduct with T.S.

*Id.*

We agree with the trial court. If, as Appellant now claims, he did not intend T.S. to take his offer of oral sex seriously, he could have clarified that fact when T.S. questioned him. Appellant's decision to instead affirm the sincerity of his statement about performing oral sex on T.S. made it reasonable for the jury to infer that he intended to facilitate or promote the commission of that IDSI offense. Therefore, his second challenge to the sufficiency of the evidence to sustain his solicitation conviction is meritless.

Finally, Appellant challenges the sufficiency of the evidence to sustain his unlawful contact conviction.

> **(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the

identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1).

Appellant does not present any argument regarding how the Commonwealth failed to prove any specific element(s) of this offense. Instead, he simply argues that because the evidence was insufficient to sustain his solicitation conviction, it was also inadequate to support the "piggy-back" offense of unlawful contact. Appellant's Brief at 25. Because we find Appellant's challenge to his solicitation conviction meritless for the reasons set forth *supra*, we likewise reject his argument that the evidence was insufficient to sustain his unlawful contact conviction.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2019