457 A.2d 507

**COMMONWEALTH of Pennsylvania**

**v.**

**Ransome WHITLEY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 28, 1983.

Decided March 16, 1983.

Darryl A. Irwin, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Garold E. Tennis, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from judgment of sentence of voluntary manslaughter following denial of post-trial motions after a

jury trial for the shooting death of Donald Respes by appellant. Appellant argues that the suppression court erred in permitting the use of a statement he made to an off-duty police officer to whom he surrendered. Contending that this statement was the product of custodial interrogation, appellant asserts that the failure of the officer to explain proper constitutional warnings mandated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) renders the statement inadmissible.

A suppression hearing was held December 6, 1978 and it was determined that the statement was volunteered and not the product of custodial interrogation. In determining whether this conclusion is supported by the record, we "consider only the evidence of the prosecution's witnesses and so much evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Goodwin,* 460 Pa. 516, 523, 333 A.2d 892, 895 (1975).

Only the testimony of Officer Coaxum was given at the suppression hearing establishing that on September 6, 1978, off-duty police officer Richard Coaxum was in Michelle's bar when employees and other patrons informed him that the appellant wanted to surrender to him. Coaxum, a friend of the appellant for at least two and one-half years, walked to the appointed location to meet appellant where Coaxum told him that the police and the victim's family were looking for him; whereupon, on Coaxum's advice, they began to walk the few blocks to the local police district station. Coaxum did not give appellant constitutional warnings, but did not ask any questions of him. While en route, appellant stated, "I didn't mean to shoot the fellow, it was all a mistake." The suppression court's determination that the statement was volunteered and made without any compelling influence is amply supported by the record. Officer Coaxum testified:

I saw the defendant on the highway, 21st and Montgomery. You know, I called the defendant. He came over, and we talked. I told him that the police were looking for

him and that also that the family of the deceased were on the street looking for him. I advised him that he should come into headquarters with me.

At this time, we started down 17th and Montgomery. The defendant had said something about he didn't mean to shoot the fellow, whatever it is, and at this time I just told him to be quiet, you know, that I didn't want to hear it, you know, hear any of it and I transported him to the district [police station].

He was also examined by the suppression judge:

Q. [By the court] Did you ask him any questions?

A. No, I didn't your Honor.

Q. All right. Now we know that. Now then what happened.

A. The defendant stated that ... "I didn't mean to shoot the fellow, it was all a mistake," and I said, "Well, I don't want to hear anymore of it. All I'm going to do is take you into the district."

While inculpatory statements obtained by police interrogation not preceded by proper constitutional warnings are subject to suppression, appellant's volunteered statement was properly determined to be admissible as one not the product of interrogation, which we have defined as police conduct "calculated to, expected to, or likely to, evoke admissions." *Commonwealth v. Simala,* 434 Pa. 219, 226, 252 A.2d 575, 578 (1969) *reaffirmed in Commonwealth v. Brantner,* 486 Pa. 518, 527, 406 A.2d 1011 (1979). Where there is absent any notion of interrogation, the statement is classified as a volunteered statement, gratuitous and not subject to suppression for lack of warnings. *Commonwealth v. Brantner, supra, Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1975); *Commonwealth v. Yount,* 455 Pa. 303, 314 A.2d 242 (1974). Accordingly, we affirm the determination of the suppression court that the statement was volunteered, hence properly admissible.

We have also reviewed appellant's allegation of prosecutorial misconduct arising from references in closing argument

446

to the failure of defense counsel to produce notes of testimony and determined that the issue is without merit.

Judgment of sentence affirmed.