J-A02022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL THOMAS SOURBEER | |
| Appellant | No. 226 MDA 2015 |

Appeal from the Judgment of Sentence January 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000916-2013

BEFORE: PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 16, 2016**

Appellant, Daniel Thomas Sourbeer, appeals from the judgment of sentence entered January 9, 2015, in the Court of Common Pleas of Centre County. We affirm.

In January 2013, a Confidential Informant ("C.I.") working with State College Police informed Detective Donald Paul that he had sold marijuana to the Appellant in the past. *See* N.T., Jury Trial, 11/17/14 at 237. Via text messages, Detective Paul and the C.I. sent a text message to Appellant asking whether Appellant knew of anyone from whom the C.I. could purchase marijuana. *See id*. at 237-236. Appellant agreed to sell the C.I. one-half ounce of marijuana for $180.00 and the controlled buy was

_____

[*] Former Justice specially assigned to the Superior Court.

conducted at Appellant's apartment. *See id*. at 240-245. At Detective Paul's request, the C.I. again texted Appellant later that evening to see whether he could purchase an ounce of marijuana. *See id*. at 245. Appellant replied that he could and the price would be $340.00. *See id*.

Approximately one week later, the C.I. made plans to purchase an unspecified amount of marijuana. *See id*. at 246. At Appellant's apartment, Appellant showed the C.I. a scale and a mason jar filled with approximately one ounce of marijuana and asked Appellant how much he wanted to purchase. *See id*. at 247-248. The C.I. again purchased one-half ounce of marijuana for $180.00. *See id*. at 248-249. When the C.I. asked Appellant if he could purchase a full ounce of marijuana later in the week, Appellant replied that he could. *See id*. at 249.

Based on the two controlled purchases of marijuana, Detective Paul obtained and executed a search warrant for Appellant's apartment located at 201 Vairo Boulevard, Apartment J240, in State College, Pennsylvania. While the apartment was searched, Appellant and the other occupant were placed in handcuffs and read *Miranda*[1] warnings.[2] *See* N.T., Suppression Hearing, 2/28/14 at 30-31. Appellant invoked his right to remain silent. After the other officers assisting in the search collected the cell phones and wallets

---

[1] *Miranda v. Arizona*, 384 U.S. 486 (1966).

[2] Appellant concedes in his brief that he was read *Miranda* warnings when handcuffed. *See* Appellant's Brief at 19.

from Appellant and the other occupant in the apartment, Detective Paul asked the officers who the phones belonged to. ***See id***. at 26-27. Appellant volunteered that the phone was his. ***See id***. at 27. A search of Appellant's bedroom revealed a digital scale, a jar of marijuana weighing approximately 30 grams, multiple smoking pipes and devices, Ziploc bags and $210.00 that included the pre-recorded buy money the C.I. gave to Appellant. ***See*** N.T., Trial, 11/17/14 at 345-350; 354. An analysis of Appellant's cell phone resulted in the discovery of text messages pertaining to the sale of marijuana on occasions other than the controlled purchases conducted by the C.I. ***See id***. at 357-378.

Appellant was subsequently charged with multiple counts of Possession with Intent to Deliver of a Controlled Substance (PWID)[3] and related charges. Prior to trial, Appellant filed a motion to suppress the physical evidence discovered at his apartment as well as the statement Appellant made regarding his cell phone to Detective Paul. Appellant also filed a motion *in limine* to preclude the Commonwealth from introducing at trial the text messages recovered from his phone as prior crimes, wrongs or acts under Pa.R.E. 404(b). The court denied both motions.[4] A jury convicted

_____

[3] 35 Pa.C.S.A. § 780-113(a)(30).

[4] The Honorable Pamela A. Ruest disposed of Appellant's suppression motions. The trial judge assigned to Appellant's case, the Honorable Jonathan D. Grine, denied Appellant's motion *in limine*.

Appellant of three counts of PWID, two counts of Possession of a Controlled Substance,[5] and one count each of Possession of Drug Paraphernalia[6] and Criminal Use of a Communication Facility.[7] The trial court sentenced Appellant to an aggregate term of five years of probation. This timely appeal followed.

Appellant raises the following issues for our review.

I.  The trial court erred in refusing to instruct the jury on the defense of entrapment.

II.  The trial court erred by improperly limiting defense counsel's cross-examination of the confidential informant by prohibiting him from asking the confidential informant about potential mandatory minimum sentences and places of confinement the informant may face and how that information affected his decision to testify against the [Appellant].

III.  The trial court erred in denying [Appellant's] motions to suppress evidence due to improper presentment of information beyond the four corners of the affidavit of probable cause for the search warrant and the violation of [Appellant's] [*Miranda*] rights.

IV.  The trial court erred in denying [Appellant's] motion in limine to preclude the Commonwealth from introducing cell phone text messages or other electronic data indicating other alleged drug activity.

Appellant's Brief at i-ii (unnecessary capitalization omitted).

_____

[5] 35 Pa.C.S.A. § 780-113(a)(16).

[6] 35 Pa.C.S.A. § 780-113(a)(32).

[7] 18 Pa.C.S.A. § 7512(a).

Appellant first claims that the trial court erred when it refused to instruct the jury on the defense of entrapment.

> The law is well settled that a trial court is not obligated to instruct a jury upon legal principles which have no applicability to the presented facts. There must be some relationship between the law upon which an instruction is requested and the evidence presented at trial. However, a defendant is entitled to an instruction on any recognized defense which has been requested, *which has been made an issue in the case*, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor.

*Commonwealth v. Bohonyi*, 900 A.2d 877, 883 (Pa. Super. 2006) (citation omitted; emphasis in original).

The defense of entrapment is set forth by statute as follows.

> **(a) General rule.**—A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
>
> > (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
> >
> > (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.
>
> **(b) Burden of proof.**—Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.
>
> **(c) Exception.**—The defense afforded by this section is unavailable when causing or threatening bodily injury is an element of the offense charged and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

18 Pa.C.S.A. § 313.

The entrapment defense "is based upon an objective standard intended to deter overreaching on the part of law enforcement and those individuals acting in cooperation with law enforcement, such as confidential informants. However, the government may only be held accountable for the acts of a third party if those acts were taken at the request or direction of law enforcement." *Commonwealth v. Willis*, 990 A.2d 773, 775-76 (Pa. Super. 2010) (citations omitted).

Appellant next complains of the curtailment of his questioning of the C.I. regarding the potential mandatory minimum charges and places of confinement he might face and how these effected his decision to cooperate with the police. This issue challenges the trial court's ruling on the scope of cross-examination. "The scope and the manner of cross-examination are within the sound discretion of the trial court and will not be overturned unless the court has abused that discretion." *Commonwealth v. Nunn,* 947 A.2d 756, 761 (Pa. Super. 2008) (citation omitted).

Appellant's third claim on appeal challenges the trial court's denial of his suppression motions.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.
>
> [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a

> whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

> Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

*Commonwealth v. Houck*, 102 A.3d 443 ,455 (Pa. Super. 2014) (internal citations and quotations omitted).

Lastly, Appellant argues that the trial court erred when it admitted into evidence the text messages recovered from his cell phone that indicated his involvement in prior instances of marijuana distribution. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (citations omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). Rule 404(b)(2) provides that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Pa.R.E., Rule

404(b)(2). Rule 404(b)(3), however, mandates that other crimes, wrongs, or acts evidence "may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice." Pa.R.E., Rule 404(b)(3); *see also Russell*, 938 A.2d at 1092. "[O]ur courts will allow evidence of prior bad acts where the distinct crime or bad act was part of a chain or sequence of events which formed the history of the case and was part of its natural development." *Commonwealth v. Walker*, 656 A.2d 90, 99 (Pa. 1995) (citation omitted).

We have reviewed Appellant's issues raised on appeal, along with the briefs of the parties, the certified record and the applicable law. Having determined that the Honorable Pamela A. Ruest's May 16, 2014 opinion and the Honorable Jonathan D. Grine's April 9, 2015 opinion ably and comprehensively dispose of Appellant's issues raised on appeal, with appropriate reference to the record and without legal error, we will affirm on the basis of those opinions. *See* Trial Court Opinion, 5/16/14 (finding that 1) the Comment to Pa.R.Crim.P. 211 anticipates that the Commonwealth will present *ex parte* information to the trial court when establishing "good cause" to seal a search warrant and that the affidavit attached the warrant nonetheless contained ample facts and circumstances establishing good cause to seal the warrant; and 2) that Appellant was properly issued *Miranda* warnings and therefore volunteered a reply to Detective Paul's question of his own free will. *See also* Trial Court Opinion, 4/9/15 (finding that 1) evidence did not support an entrapment defense where the C.I.

testified that Appellant willingly offered to sell him marijuana and the record did not indicate that police or the C.I. employed any methods of persuasion or inducement to entice Appellant to commit a crime; 2) although the trial court permitted cross-examination of the C.I. as to whether he had been promised anything by the Commonwealth or hoped to gain leniency as a result of testifying against Appellant, questions regarding the potential length of punishment or places of incarceration the C.I. faced was irrelevant and likely to confuse the jury; and 3) prior bad acts evidence in the nature of Appellant's cell phone messages indicating prior drug deliveries was relevant and probative of Appellant's intent to deliver the drugs in his possession).

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2016



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :

v.                                              :               No. CP-14-CR-0000916-2013

DANIEL T. SOURBEER,                  :
Defendant                                    :

*Attorney for the Commonwealth:*                                   *Nathan L. Boob, Esq.*
*Attorney for Defendant:*                                               *Philip M. Masorti, Esq.*

## OPINION AND ORDER

**Ruest, J.**

Presently before the Court is an Omnibus Pre-Trial Motion filed by Defendant Daniel T. Sourbeer ("Defendant") on January 31, 2014. A hearing on this matter was held on February 28, 2014, and Defendant submitted a brief in support of his Motion on May 5, 2014. The parties resolved Defendant's Motions to Compel at the February 28, 2014 hearing. The parties also agreed Defendant's Motions in Limine would be held in abeyance and heard prior to trial by the trial judge. The Court will therefore address (1) Defendant's Motion to Suppress—Improper Presentment of Affidavit of Probable Cause, Improper Placement of Affidavit Under Seal; (2) Defendant's Motion to Suppress—Reliance Upon Inapplicable *Pro Forma* Language, Reliance Upon False Information; and (3) Defendant's Motion to Suppress—*Miranda* Violation.

Upon consideration of the arguments of counsel and the brief, Defendant's Motions are **DENIED**.

## Findings of Fact

1. During the month of February 2013, a Confidential Informant advised Detective Donald Paul that a male, later identified as Defendant, was selling marijuana in the State College area in Centre County, Pennsylvania.

☒O ☐RD ☐S

2. Detective Paul and the Confidential Informant arranged for the Confidential Informant to make controlled purchases of marijuana from Defendant on February 20, 2013 and February 26, 2013.

3. Based on the two controlled purchases, Detective Paul applied for a search warrant on February 27, 2013. Judge Jonathan D. Grine signed the search warrant that same day, placing it under seal for good cause shown for 60 days.

4. On February 27, 2013, Detective Paul and an additional officer executed the search warrant at Defendant's residence. The officers seized suspected marijuana, suspected marijuana seeds, marijuana paraphernalia, and pre-recorded US currency from the residence.

5. Defendant was charged with Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver, Criminal Use of Communication Facility, Intentionally Possessing Controlled Substances by Person Not Registered, and Use/Possession of Drug Paraphernalia.

## Discussion

Defendant now raises three Motions to Suppress. First, Defendant asks the Court to suppress any evidence obtained as a result of the search of Defendant's residence because Detective Paul and Assistant District Attorney Nathan Boob improperly presented additional evidence beyond the four corners of the Affidavit of Probable Cause when they asked Judge Grine to seal the warrant. Second, Defendant asks the Court to suppress any evidence obtained as a result of the search of Defendant's residence because Detective Paul included misstatements of facts in the Affidavit of Probable Cause. Third, Defendant asks the Court to suppress a statement he made during the search of his residence because he was in custody but had not been read his *Miranda* rights. The Court will address each Motion in turn.

1. **Sealing the Warrant**

Defendant first argues that Judge Jonathan D. Grine improperly considered evidence outside the four corners of the Affidavit of Probable Cause when he sealed the Affidavit for 60

2

days because the Commonwealth did not include a request to seal the Affidavit within the Affidavit. Defendant seeks suppression of any evidence obtained by the execution of that warrant. Rule 211 of the Rules of Criminal Procedure governs sealing search warrant affidavits and states:

> (B) When the attorney for the Commonwealth intends to request that the search warrant affidavit(s) be sealed,
> (1) the application for the search warrant shall be presented by the attorney for the Commonwealth to a judge of the court of common pleas or an appellate court justice or judge, and
> (2) the affidavit(s) for the search warrant shall include the facts and circumstances which are alleged to establish good cause for the sealing of the search warrant affidavit(s).

Pa. R. Crim. P. 211. In support of his argument, Defendant relies on Rule 203, which prohibits the issuing authority from considering any evidence outside of the affidavit in determining whether probable cause exists to issue a search warrant. However, as explained above, the standard for whether to seal a search warrant is "good cause shown" under Rule 211 not "probable cause" under Rule 203. In fact, the comments to Rule 211 specifically anticipate that the Commonwealth will present information to the Court ex parte and provide a remedy to protect Defendant's interests:

> When determining whether there is good cause to extend the time that the affidavit(s) is to remain sealed or the time before a copy of the affidavit(s) is given to the defendant, in addition to examining the Commonwealth's or the defendant's need to have the affidavit sealed, the justice or judge should consider any pertinent information about the case, such as whether any items were seized, whether there were any arrests, and whether any motions were filed. The justice or judge should also consider the defendant's need to have the affidavit(s) to prepare his or her case, especially the right to file motions, including a motion to suppress or a motion for return of property (see, e.g., Rules 578, 579, 581, and 588).
> Although the initial request to have the affidavit(s) sealed is made ex parte by the attorney for the Commonwealth as part of the search warrant application process, once the affidavit(s) is sealed and the warrant is executed, thereby giving the person who was searched or whose premises were searched and the defendant, if any, notice of the sealing, that person may, of course, request by motion that the affidavit(s) be made available to him or her, or that the order sealing the affidavit(s) be rescinded.

Pa. R. Crim. P. 211 Comment.

3

Here, Assistant District Attorney Boob and Detective Paul presented Judge Grine with the application for the search warrant and the Affidavit supporting the application. Detective Paul testified that he inadvertently omitted an extra paragraph, Paragraph 38, from the affidavit. Paragraph 38 specifically asked the Court to seal the Affidavit because Detective Paul intended to use the Confidential Informant in additional drug investigations. Nevertheless, the affidavit still included facts and circumstances establishing good cause for sealing the search warrant affidavit because the affidavit makes clear that a Confidential Informant was involved. Further, Detective Paul testified that he and Assistant District Attorney Boob provided Judge Grine with an oral summary of the case and why they wanted the warrant sealed. Nothing in Rule 211 prohibits the Commonwealth from doing so, and as explained above, the official comments to Rule 211 anticipate that the Commonwealth will do so when they state that "in addition to examining the Commonwealth's or the defendant's need to have the affidavit sealed, the justice or judge should consider any pertinent information about the case . . . ." Pa. R. Crim. P. 211 Comment. Finding no violation of the Rules of Criminal Procedure, Defendant's Motion to Suppress is **DENIED**.

2.    **Misstatements of Fact**

Defendant next asks the Court to suppress any evidence obtained as a result of the execution of the search warrant because the affidavit contains misstatements of fact. Defendant first objects to Detective Paul's assertion that he has experience in "large scale drug trafficking." The Court finds that this is proper background information explaining the detective's background and not an assertion that Defendant was involved in "large scale" drug trafficking. Defendant next objects that Detective Paul erroneously referred to Defendant as "she" instead of "he." The Court finds that this was a typographical error. Finally, Defendant takes issue with the fact that the affidavit describes the controlled buy as occurring "during the last few hours" when in fact it had occurred the day prior. Detective Paul testified that he drafted the affidavit within a few hours of the controlled buy, but he acknowledged that he did not draft that section

4

as clearly as possible. Defendant does not argue and presented no evidence that Detective Paul deliberately mischaracterized the facts in the affidavit. "Misstatements of fact in a search warrant affidavit will invalidate a search and require suppression only if they are deliberate and material." *Commonwealth v. Mickell*, 409 Pa. Super. 595, 609, 598 A.2d 1003, 1010 (1991). Accordingly, Defendant's Motion to Suppress is **DENIED**.

### 3. *Miranda*

Defendant argues that the Court should suppress a statement he made while the officers searched his apartment because he was in custody at the time that he made the statement in response to an officer's question but he had not been read his *Miranda* rights. An encounter between police and a suspect may be described as "a mere encounter, an investigative detention, a custodial detention, or an arrest." *Commonwealth v. Douglass*, 372 Pa.Super. 227, 539 A.2d 412, 417 (1988). *Miranda* warnings are required when a police detention becomes custodial, that is, when, under the totality of the circumstances, the conditions or duration of the detention become so coercive as to constitute the functional equivalent of arrest. *Commonwealth v. Mannion*, 725 A.2d 196 (Pa. Super. 1999).

> A person must be informed of his or her *Miranda* rights prior to custodial interrogation by police. *Commonwealth v. Sites*, 427 Pa. 486, 490, 235 A.2d 387, 389 (1967). Custodial interrogation is defined as "questioning *initiated* by law enforcement officers after a person has been taken into custody or otherwise deprived of his [or her] freedom of action in any significant way." *Id.* at 492, 235 A.2d at 390 (emphasis supplied) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L.Ed.2d 694 (1966)). "'Interrogation' is police conduct 'calculated to, expected to, or likely to evoke admission.'" *Commonwealth v. Brantner*, 486 Pa. 518, 527, 406 A.2d 1011, 1016 (1979) (quoting *Commonwealth v. Simala*, 434 Pa. 219, 226, 252 A.2d 575, 578 (1969)). When an inculpatory statement is not made in response to interrogation by police officers, however, "the statement is classified as a volunteered statement, gratuitous and not subject to suppression for lack of warnings." *Commonwealth v. Whitley*, 500 Pa. 442, 445, 457 A.2d 507, 508 (1983) (citations omitted).

*Commonwealth v. Johnson*, 373 Pa. Super. 312, 541 A.2d 332, 336 (1988). Spontaneous, unsolicited statements that are not the product of police conduct are admissible even when a

5

person under arrest has not received *Miranda* warnings. **Commonwealth v. Fisher**, 564 Pa. 505, 769 A.2d 1116, 1125 (2001).

Detective Paul testified that upon entering the apartment, the residents, including Defendant, were placed in handcuffs prior to the officers conducting their search. At this point, Defendant was clearly in custody. Defendant Paul testified that the residents were read their *Miranda* rights at that time. Later, as the officers were concluding their search, they noticed two cell phones on the couch. Detective Paul testified that as he was collecting the cell phones to document them on the search warrant inventory form, he asked the other officer to whom one of the phones belonged. Defendant then stated that it was his phone. Detective Paul specifically testified that he was speaking to the other officer, although he acknowledged that Defendant may have believed that Detective Paul was speaking to him. The Court is satisfied based on this testimony that Defendant voluntarily responded to Detective Paul's inquiry after having been informed of his *Miranda* rights and previously electing to remain silent. "The record indicates that [Defendant] volunteered [this statement] of his own free will; thus, the remarks constitute merely gratuitous utterances unsolicited by the government and are admissible." **Fisher**, 769 A.2d 1116 at 1125. Defendant's inculpatory statement was not made in response to police interrogation, and therefore will not be excluded from trial. Accordingly, Defendant's Motion to Suppress is **DENIED** and the following Order is entered:

## ORDER

AND NOW, this 16th day of May, 2014, Defendant's Omnibus Pretrial Motion is **DENIED**.

BY THE COURT:

Pamela A. Ruest, Judge

6

Printed from Centre County Online Access — 10/23/2014 10:58:42 AM

Foster
Masorti

IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
        Plaintiff, )
v. )    No. CP-14-CR-00916-2013
 )
DANIEL T. SOURBEER, )
        Defendant. )

*Attorney for Commonwealth:*          *Lindsay C. Foster, Esq.*
*Attorney for Defendant:*              *Philip M. Masorti, Esq.*

## OPINION IN RESPONSE TO MATTERS COMPLAINED OF ON APPEAL

Presently before this Court is an appeal filed by Daniel T. Sourbeer (hereinafter "Appellant.") After a jury trial on November 17, 2014, Appellant was found guilty of one count of Delivery of a Controlled Substance (35 Pa.C.S.A. §780-113(a)(30)); two counts of Possession with Intent to Deliver (35 Pa.C.S.A. §780-113(a)(30)); one count of Criminal Use of a Communication Facility (18 Pa.C.S.A. §7512(a)); two counts of Possession of a Controlled Substance (35 Pa.C.S.A. §780-113(a)(16)); and one count of Use/Possession of Drug Paraphernalia (35 Pa.C.S.A. §780-113(a)(32)). Appellant was sentenced on January 9, 2015. This appeal followed.

Appellant raises four issues in his Statement of Matters Complained of on Appeal, three of which pertain to rulings and decisions by this Court and one of which pertains to a ruling by the Honorable Pamela A. Ruest. This Court will address the issues pertaining to its rulings and decisions in turn.

### I.   This Court did not err in Refusing an Entrapment Instruction

Appellant argues this Court erred in refusing to instruct the jury on the defense of



entrapment. The Court disagrees.

The defense of entrapment is set forth in 18 Pa.C.S.A. §313. Entrapment occurs when an officer or an individual cooperating with an officer, " for the purpose of obtaining evidence of the commission of an offense, … induces or encourages another person to engage in conduct constituting an offense" by either "making knowingly false representations designed to induce the belief that such conduct is not prohibited" or by "employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it." 18 Pa.C.S.A. §313(a). The statute establishes an objective standard which focuses on the conduct of the officer rather than on "the defendant's prior criminal activity or other indicia of a predisposition to commit crime." *Commonwealth v. Lightfoot*, 648 A.2d 761, 764 (Pa. 1994).

Generally, a court "may not refuse to charge the jury on the elements of a defense where the defense is supported by evidence in the record." *Id.* When the record contains such evidence, "it is for the trier of fact to pass upon that evidence and improper for the trial judge to exclude such consideration by refusing the charge." *Id.* So long as the defendant has presented evidence which, if taken as true would establish the defense of entrapment, the court must give the entrapment instruction. *Id.*

However, in the instant case, no evidence was presented which would establish a defense of entrapment. Testimony presented by the confidential informant, Shivam Patel, indicated he was approached by the police regarding conducting potential controlled buys of marijuana. Mr. Patel testified he contacted Appellant via text message and asked him if he knew anyone who could sell him some marijuana. Mr. Patel then related Appellant offered to sell him marijuana and did, in fact, do so on several occasions. This testimony was corroborated by Detective Donald Paul, and by photographs of the text messages sent by Mr. Patel and Appellant. The record contained

2

no other evidence to indicate the police or Mr. Patel employed any methods of persuasion or inducement to Appellant to entice him to commit a crime. The testimony and evidence did not indicate Mr. Patel repeatedly asked Appellant to sell him marijuana, or that Appellant initially refused to do so, or that Mr. Patel made any promises or false statements to Appellant in order to entice him to sell him the marijuana. Mr. Patel merely asked Appellant if he knew anyone who would be able to sell to him. Appellant then volunteered to do so.

Because the record contained no evidence to support the defense of entrapment, the Court did not err in refusing to instruct the jury accordingly.

## II. The Court did not err in Limiting Cross-Examination of Confidential Informant Regarding Potential Sentences

Appellant next alleges this Court erred in limiting his cross-examination of the confidential informant, Shivam Patel, regarding potential mandatory minimum sentences and places of confinement he may be facing as a result of his own pending drug charges. The Court disagrees.

The scope of cross-examination "is a matter left to the sound discretion of the trial court, and the trial court's rulings will not be disturbed absent an abuse of discretion." *Commonwealth v. Boczkowski*, 846 A.2d 75, 98 (Pa. 2004). In the instant case, the Court limited the cross-examination of Mr. Patel to whether he had been promised anything by the Commonwealth or hoped to gain leniency in his own criminal case as a result of testifying against Appellant. This was information relevant to his potential bias or impetus for testifying against Appellant. Appellant was also permitted to inform the jury Mr. Patel was facing the possibility of incarceration, as this information was also relevant to Mr. Patel's possible bias.

However, the potential length of punishment he could receive or potential places of incarceration were not relevant and, to the extent they may have been relevant, their potential for influencing the jury by way of the jury correlating this information with the charges Appellant

3

was facing outweighed any potential benefit. The jury's function is to act as factfinder and, from those facts found, determine guilt or innocence. *Commonwealth v. White*, 504 A.2d 930 (Pa.Super. 1986). The issue of punishment is not determined by the jury, and it would not be proper for the jury to have information regarding potential punishments faced by a defendant. The Court, therefore, did not err in limiting the scope of cross-examination of Mr. Patel.

### III. Court did not err in Admitting Text Messages Regarding Other Alleged Drug Sales

Appellant finally alleges the Court erred in permitting the Commonwealth to introduce text messages or other electronic data regarding other alleged drug sales. The Court disagrees. Generally, under Pa.R.E. 404(b)(1), evidence of prior crimes or other bad acts is not admissible to prove a defendant acted in conformity therewith. However, such evidence may be admissible for proving opportunity, motive, intent, preparation, knowledge, plan, identity, absence of mistake, or lack of accident. Pa.R.E. 404(b)(2).

In the instant case, the Commonwealth used these text messages for a limited purpose—that is, to rebut the argument that Appellant possessed the marijuana for his own use and would not have sold it to anyone but for Mr. Patel's entreaties. Evidence of "uncharged acts" of distribution is "relevant and probative of whether a defendant had the intent to distribute drugs in his possession." *U.S. v. Jansen*, 218 F.Supp.2d 659, 667 (M.D.Pa. 2002)(reversed on other grounds)( applying F.R.E. 404(b), which is identical to Pa.R.E. 404(b) when examined in conjunction with F.R.E. 403). The probative value of this evidence substantially outweighed the potential prejudice, given that Appellant attempted to argue he possessed the marijuana only for personal use.

Further, the Court gave a cautionary instruction to the jury at the conclusion of trial, indicating they may not consider the text messages to other individuals for any other purpose

4

than as the basis of the opinion of Detective Paul that Appellant possessed the marijuana with the intent to deliver. This instruction acted to nullify any prejudicial effect these text messages may have had against Appellant.

This Court hopes this Opinion aids the Honorable Superior Court and respectfully requests its Orders remain undisturbed.

BY THE COURT:

Jonathan D. Grine, Judge

DATE: April 6th , 2015